IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARISOL R. CASTILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 9136 |
| ) | |
| LVNV FUNDING, LLC; RESURGENT ) | |
| CAPITAL SERVICES, LP; WELTMAN, ) | |
| WEINBERG & REIS CO, LPA, BARRISTER ) | |
| INVESTIGATIONS & FILING SERVICE, ) | |
| INC., and BENNIE HARRIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On January 30, 2015 two of the defendants in this action brought under the Fair Debt Collection Practices Act ("Act") -- LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") -- presented a motion seeking their dismissal from this action. When this Court inquired of counsel for plaintiff Marisol Castillo ("Castillo") as to the basis for rejecting that motion, counsel cited binding Seventh Circuit caselaw (the most recent decision being that rendered in <u>Ruth v. Triumph P'shps</u>, 577 F.3d 790, 796-97 (7th Cir. 2009)) that confirmed LVNV's status as a "debt collector" under the Act, thus answering the threshold question posed by this Court's very brief November 17, 2014 memorandum order[1] (Resurgent admittedly has that status under the Act).

But that does not bring Castillo home free, for as the motion for dismissal states, Castillo's Complaint identifies no Act-violative conduct on the part of either LVNV or Resurgent. Instead the conduct about which Castillo complains is assertedly fraudulent activity

---

[1] That memorandum order had expressed no views on the part of this Court as to the substantive merits of the litigation.

on the part of the other defendants, who are specifically identified in Complaint ¶¶ 25 through 27 as third parties with no interrelationship with LVNV or Resurgent, and who were hired by Resurgent to engage in the actual debt collection activity.[2] Those other defendants are identified in the Complaint as having falsely and fraudulently reported service of process on Castillo, actions that assertedly gave rise to a fraudulently obtained default judgment against her.

As Castillo's counsel would have it, LVNV and Resurgent have vicarious liability for those fraudulent actions taken by the independent codefendant targets of the Complaint. If so, that is unsupported by the cases cited by Castillo's counsel (for example, Ruth, 577 F.3d at 797 expressly pegs liability on Act-violative conduct expressly taken by the defendant that corresponds to LVNV here).

On January 30 this Court continued the dismissal motion to 9:15 a.m. February 6 to enable it to review the cases cited by Castillo's counsel. It has done so, and Castillo's counsel must be prepared at that time to address the potentially dispositive subject posed by this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 3, 2015

---

[2] As Complaint ¶ 20 alleges, LVNV's website describes its own practice of purchasing indebtedness, outsourcing the management to Resurgent and stating in relevant part (emphasis added):

> Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies.